# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**707**

**KA 11-02547**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DAVID W. SCHREIER, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 16, 2011. The judgment convicted defendant, upon a nonjury verdict, of unlawful surveillance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of unlawful surveillance in the second degree (Penal Law § 250.45 [1]), defendant contends that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject that contention. The evidence established that defendant videotaped the victim through a window as she stood naked in her bathroom. Although defendant concedes that he videotaped the victim without her knowledge or consent, he contends that the People failed to establish the remaining three elements of unlawful surveillance in the second degree (*see* § 250.45 [1]). We disagree. County Court was entitled to infer from the evidence the first two remaining elements, i.e., that defendant made the recording for his own amusement or entertainment, and that he "intentionally use[d] . . . an imaging device to surreptitiously . . . record" the victim (*id.*). With respect to the surreptitious nature of the recording, we note that defendant videotaped the victim in the early morning hours, around dawn, obscured himself and his compact camera from the victim's view and, when confronted by the police, initially denied that a recording existed.

We likewise conclude that the court was entitled to infer from the evidence the third remaining element of the crime, i.e., that the recording was made at "a place and time when a reasonable person would believe that he or she could fully disrobe in privacy" (§ 250.40 [1];

*see* § 250.45 [1]).  The victim was recorded at 7:30 A.M. in the second-floor bathroom of her home as she was preparing for work.  Her location was largely obscured from outside view, except from a particular vantage point through a certain window that could be obtained only by a person of above-average height, standing immediately outside her door.  Even from that vantage point, the victim was only partially visible.  The victim testified that she did not believe that an individual standing outside her home could see her bathroom through the window because she was unable to see through the window while standing at the front door, and "[she] didn't realize anyone [c]ould have [the necessary] angle."

Finally, viewing the evidence in light of the elements of the crime in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court